1  LESLIE H. HELMER, CA Bar No. 150296
   leslie.helmer@ogletree.com
2  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
3  400 South Hope Street, Suite 1200
   Los Angeles, CA 90071
4  Telephone: 213-239-9800
   Facsimile: 213-239-9045
5

6  Attorneys for Defendant
   WALGREEN PHARMACY SERVICES
7  MIDWEST, LLC

8              **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | DULCE SOLIS, an individual;             | Case No. 2:22-CV-09016
12 |           Plaintiff,                    | **DEFENDANT WALGREEN PHARMACY SERVICES MIDWEST, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**
13 |    v.                                   |
14 | WALGREEN CO. D/B/A WALGREEN PHARMACY BOOTS ALLIANCE, a corporate entity for unknown; and DOES 1-50, inclusive, | [Filed concurrently with Civil Cover Sheet; Declaration of Joseph Amsbary in Support of Removal; Declaration of Christina Paulausky in Support of Removal; Certification of Interested Parties and Disclosure Statement; and Notice of Related Cases]
15 |                                         |
16 |                                         |
17 |           Defendants.                   |
18 |                                         |
19 |                                         | Complaint Filed: November 10, 2022
20 |                                         | Trial Date: None
   |                                         | District Judge: Hon. _____
21 |                                         |   Courtroom __, _____
   |                                         | Magistrate Judge: Hon. _____
22 |                                         |   Courtroom __, _____

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF DULCE SOLIS AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT defendant Walgreen Pharmacy Services Midwest, LLC ("Defendant" or "Walgreen Pharmacy"), by and through the undersigned counsel, hereby removes the above-entitled action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to 28 U.S.C. Sections 1332 and 1441(b) on the grounds that there is complete diversity of citizenship between Plaintiff Dulce Solis ("Plaintiff" or "Solis"), a citizen of the State of California, and Defendant, a citizen of the State of Illinois; that the amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in section 1332(a); and that the foregoing facts were true at the time the Complaint in this matter was filed and remain true as of the date of the filing of this Notice of Removal, as more fully set forth below on the following grounds:

## Timeliness of Removal

1. On or about November 10, 2022, Plaintiff filed an action against Defendant entitled "Dulce Solis, an individual, Plaintiff vs. Walgreen Pharmacy Midwest, LLC, and DOES 1 through 20 inclusive, Defendants," in the Superior Court of the State of California, County of Los Angeles; Case Number 22STCV35792. Attached hereto as "**Exhibit 1**" is a true and correct copy of the Summons and Complaint ("Complaint"), as well as documents accompanying the Summons and Complaint that were served on Defendant.

1. The Complaint alleges claims for: (1) Violation of Government Code § 12940(a), Mental Disability Discrimination; (2) Violation of Government Code § 12940(m), Failure to Accommodate Mental Disability; (3) Violation of Government Code § 12940(n), Failure to Engage in Interactive Process; (4) Violation of Government Code § 12940(h), Retaliation; (5) Violation of Government Code §

1  12945(a), California Family Rights Act; and (6) Wrongful Termination in Violation
2  of Public Policy. *See* Complaint.
3       2.   On December 6, 2022, Defendant filed and served its Answer to the
4  Complaint in the Superior Court of the State of California, County of Los Angeles.  A
5  true and correct copy of Defendant's Answer is attached hereto as "**Exhibit 2**."
6  Defendant will file a conformed copy of the Answer with the Court upon receipt.
7       3.   Attached as "**Exhibit 3**" is a true and correct copy of the Notice of
8  Service of Process, showing that the Summons, Complaint, Civil Case Cover Sheet
9  and other documents were served on Defendant on November 15, 2022.
10      4.   Exhibits 1 through 3 to this Notice of Removal constitute all pleadings,
11 process and orders served in this action at the time of removal.
12      5.   This Notice of Removal is being filed within thirty (30) days after service
13 on this Defendant of the initial pleading setting forth the claims for relief upon which
14 Plaintiff's action is based.  Therefore, this Notice is timely filed under 28 U.S.C. §
15 1446(b).
16      7.   The Complaint also names as defendants "DOES 1 through 20."
17 Defendant is informed and believe and on that basis allege that none of the
18 fictitiously-named defendants have been served with a copy of the Summons and
19 Complaint.  Therefore, the fictitiously-named defendants are not parties to the above-
20 captioned action and need not consent to removal.  *See* 28 U.S.C. § 1441(b)(1);
21 *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) ("Does"
22 defendants need not be joined in a removal petition).

### Diversity Jurisdiction Lies Over This Action

24      8.   This is a civil action of which this Court has original diversity
25 jurisdiction under 28 U.S.C. section 1332, and is properly removable pursuant to the
26 provisions of 28 U.S.C. sections 1441(a) and (b), because it is a civil action in which
27 the amount in controversy exceeds the sum of $75,000, exclusive of costs and
28 interest, and is between citizens of different states, as set forth below.

**Complete Diversity Of Citizenship Exists Between Plaintiff And Defendant**

9. <u>Plaintiff's Citizenship</u>. Complete diversity of citizenship exists in this action. For diversity purposes, the citizenship of a natural person is determined by his/her state of domicile. *Kanter v. Warner-Lambert* Co., 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff is a citizen of Los Angeles County, State of California (Ex. 1, Complaint ¶1.)

10. <u>Walgreen Pharmacy's Citizenship</u>. Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *See* 28 U.S.C. § 1332(c). For the reasons set forth below, Walgreen Pharmacy is not now, and was not at the time of the filing of the State Action, a citizen of the State of California. (**Exhibit 4**, Joseph B. Amsbary Decl. ¶¶ 2, 3.)

11. Walgreen Pharmacy is now, and ever since this action commenced, has been formed under the laws of the State of Illinois, with its principal place of business in Illinois. (Ex. 4 Joseph B. Amsbary Decl. ¶ 3.) Under the "nerve center test," a principal place of business refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("principal place of business" means "the place where a corporation's officers direct, control, and coordinate the corporation's activities."). Because Walgreen Pharmacy's corporate headquarters and executive offices are located in Deerfield, Illinois where its high level officers direct, control, and coordinate the Company's activities, Walgreen Pharmacy's principal place of business or "nerve center" is in Deerfield, Illinois. (Ex. 4, Joseph B. Amsbary Decl. ¶ 3.) Accordingly, Walgreen Pharmacy is, and has been at all times since this action commenced, a citizen of the State of Illinois. As a result, Walgreen Pharmacy is not now, and was not at the time of the filing of the State Action, a citizen of the State of California for removal purposes.

12. <u>Does' Citizenship</u>.  Pursuant to 28 U.S.C. section 1441(b)(1), the citizenship of defendants sued under fictitious names shall be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332.  *See* 28 U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998) (in determining whether diversity of citizenship exists, only the named defendants are considered).  Thus, the existence of Doe Defendants 1-10, does not deprive this Court of jurisdiction.

13. Accordingly, complete diversity of citizenship exists between Plaintiff and Defendant.

### The Alleged Amount In Controversy Exceeds $75,000

14. While Defendant denies any liability as to Plaintiff's claims, the amount in controversy in this action exceeds the sum of $75,000.  Plaintiff alleges, *inter alia*, that during her employment as Pharmacy Technician at Walgreen Pharmacy in Long Beach, Walgreen Pharmacy discriminated and retaliated against her on the basis of her alleged mental disability, failed to accommodate Plaintiff's disability, failed to engage in the interactive process, violated the California Family Rights Act and wrongfully terminated her (Ex. 1, Compl., ¶ 1-77.).

15. To satisfy the amount in controversy of $75,000, exclusive of interest and costs, is not "daunting," as courts in this Circuit recognize that a removing defendant is not obligated to "research, state and prove the plaintiff's claim for damages."  *Muniz v. Pilot Travel Centers LLC*, 2007 U.S. Dis. LEXIS 31515, *7 (E.D. Cal., April 30, 2007).  Defendant needs only "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" $75,000.  *Guglielmino v. McKee Foods Corp.*, 56 F.3d 696, 699 (9th Cir. 2007).  Thus, "[o]nce the proponent of jurisdiction has set out the amount in controversy, only a 'legal certainty' that the judgment will be less forecloses federal jurisdiction." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005).

16. The amount in controversy is determined from the allegations or prayer

of the complaint. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (inability to recover an amount adequate to give court jurisdiction does not show bad faith or out court of jurisdiction). If the complaint does not, on its face, reflect the amount in controversy, the Court may consider facts from the removal petition, as well as evidence submitted by the parties, relevant to the amount in controversy at the time of removal. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

17. Plaintiff alleges she was terminated by Walgreen Pharmacy on or about January 6, 2022 when she was on unpaid maternity leave. (Ex. 1, Compl., ¶ 18.) Plaintiff claims that as a result, she suffered actual, consequential, and incidental damages, including but not limited to, loss of earnings and future earning capacity, and other pecuniary loss. She also alleges that she suffered substantial losses in earnings and job benefits. She further alleges that she suffered loss of earnings, past and future, loss of reputation, goodwill and standing in the industry in which Plaintiff has worked, resulting in the loss or diminution of employment-related opportunities, other employment benefits, and job opportunities, all in an amount subject to proof at trial. (Ex. 1, Compl., ¶¶ 33, 40, 49, 55, 76, and Prayer for Relief ¶ 78.a.)

18. At the time of Plaintiff's termination, Plaintiff's rate of pay was $26.18 per hour. Her annual salary, even without overtime pay, was approximately $54,454.90 (*i.e.*, $26.18 x 40 x 52). (**Exhibit 5**, Christina Paulausky Decl., ¶2).

19. Plaintiff claims she has suffered "emotional distress in an amount unknown, but according to proof at trial." (Ex. 1, Compl. ¶¶ 31, 40, 49, 55, 74, and Prayer for Relief ¶ 78.b.) Although Defendant denies any liability to Plaintiff for embarrassment, humiliation, and mental and emotional distress and discomfort, these alleged damages must be included when calculating the amount in controversy. *See Ajimatanrareje v. Metro. Life Ins. Co.*, 1999 U.S. Dist. LEXIS 7339, *4 (N.D. Cal. 1999) (emotional distress damages "may be considered in the amount in controversy").

20. Plaintiff seeks attorneys' fees. (Ex. 1, Compl., ¶¶ 28, 33, 34, 42, 51, 56, 76, 77, Prayer for Relief, ¶ 78.f.) Although Defendant denies any liability to Plaintiff for attorneys' fees, claims for attorneys' fees are properly considered in calculating the amount in controversy for purposes of removal on grounds of diversity jurisdiction. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (attorneys' fees included in determining jurisdictional amount).

21. Plaintiff claims she is entitled to punitive damages. (Ex. 1, Compl. ¶¶ 32, 41, 50, 57, 65, 75, Prayer for Relief ¶ 78.d.). Although Defendant denies any liability to Plaintiff for punitive damages, these damages are included when calculating the amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (the "amount-in-controversy requirement excludes only 'interests and costs.'").

22. Based upon the foregoing, the amount in controversy in this action exceeds the jurisdictional minimum of $75,000.

23. For these reasons, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. section 1332, and which may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.

## Pleadings And Process

24. <u>Parties</u>: Defendant brings this Notice of Removal on its own behalf.

25. <u>Pleadings</u>: On December 6, 2022, Defendant filed an Answer in the State Action. (*See* Ex. 2.)

26. <u>Proper Court</u>: Removal to this Court is proper under 28 U.S.C. section 1441(a) because the Superior Court of California, in and for the County of Los Angeles, is geographically located within this Court's district and division.

27. <u>Notice</u>: Defendant is serving a copy of this Notice of Removal on all

adverse parties and filing a copy with the clerk of the state court pursuant to 28 U.S.C. § 1446(d). A true and correct copy of the Notice to Adverse Parties and State Court of Removal, without exhibit, is attached to this Notice as **Exhibit 6**.

28. <u>Signature</u>: This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

29. By removing on the basis of diversity jurisdiction, Defendant does not concede or make any admissions relating to the merit and/or value of Plaintiff's allegations, claims or damages. Defendant denies the material allegations contained in the Complaint, generally and specifically.

WHEREFORE, Defendant respectfully requests that the State Action be removed from the state court in which it was filed to the United States District Court, in and for the Central District of California, and further requests that this Honorable Court issue all necessary orders and process and grant such other and further relief as in law and justice that Defendant may be entitled to receive.

DATED: December 13, 2022

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Leslie H. Helmer
Leslie H. Helmer

Attorneys for Defendant
WALGREEN PHARMACY SERVICES MIDWEST, LLC